# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA BROOKE,** | **CASE NO. 1:20-CV-0103 AWI SAB** |
| **Plaintiff** | |
| v. | **ORDER ON OBJECTION TO REQUEST FOR ENTRY OF DEFAULT, OBJECTION REGARDING SIGNATURE, MOTION TO DIMISS, MOTION FOR SECURITY, MOTIONS TO STIRKE, AND MOTION FOR RELIEF and ORDER VACATING MAY 6, 2020 AND MAY 11, 2020 HEARING DATES** |
| **SUPERB HOSPITALITY, LLC, d/b/a Fairfield Inn & Suites Selma/Kingsburg,** | |
| **Defendants** | |
| | (Doc. Nos. 7, 8, 15, 19, 21, 22, 25) |

This is a disabilities related lawsuit brought by Plaintiff Theresa Brooke against Defendant Superb Hospitality, LLC d/b/a Fairfield Inn & Suites Selma/Kingsburg ("Superb"). Currently before the court are Superb's objections to a signature, a Rule 12 motion to dismiss, an objection to the request for entry of default, a motion for security, and a motion for Rule 60 relief. Also pending before the Court are Brooke's two motions to strike (an original and an amended motion). There are two hearing dates currently set, May 6, 2020 (on Brooke's motions to strike) and May 11, 2020 (on Superb's motion for security and Rule 60 motion). For the reasons that follow, the Court will sustain Superb's objection to signature, strike the Complaint without prejudice to refiling, deny all other pending motions, vacate both hearing dates, and require Brooke's counsel to provide information regarding the request for entry of default and his practices regarding the filing of notices of service.

**FACTUAL BACKGROUND**

From the Complaint, Brooke ambulates by use of a wheelchair and can only rent a mobility accessible hotel room.  Brooke and her husband live in Maricopa County, Arizona but are avid travelers to California.  Brooke travels to California for leisure, to participate in judicial proceedings, and to conduct site inspections to determine if various hotels comply with disability access laws.  Brooke is an ADA serial tester who intends to check Superb for compliance in the near future.  At an unknown time, Brooke visited Superb's website to rent rooms and check compliance with disability access rules.  Brooke wanted to rent a one-bedroom suite, which is the sole suite offered at the hotel.  However, Superb does not make the one-bedroom suite accessible, rather only standard rooms are mobility accessible.  Because Brooke could not obtain a suite, she was deterred from visiting Superb and will not visit that hotel until it makes a suite accessible.

**PROCEDURAL BACKGROUND**

On January 20, 2020, Brooke filed her Complaint in this Court.  See Doc. No. 1.

On February 16, 2020, Brooke filed a copy of a returned executed summons and a request for the Clerk to make an entry of default.  See Doc. Nos. 4, 5.  The service of summons states that Superb was served on January 24, 2020.  See id.  Attached to the service were documents that indicate substitute service was used on January 24, 2020, when a copy of the summons and complaint were left with a secretary.  See id.  A separate document indicates that a copy of the summons and complaint were mailed on January 27, 2020.  See id.

On February 18, 2020, the Clerk made an entry of default against Superb.  See Doc. No. 6. The same day, Superb filed a motion to dismiss and an objection to the Complaint.  See Doc. Nos. 7, 8.  The motion to dismiss requests dismissal under Rules 12(b)(1) and (b)(6), partial summary judgment on the prayer for injunctive relief, a declination of supplemental jurisdiction, and, to the extent that any claim remains viable, to join Brooke's counsel's firm as the real party in interest. See Doc. No. 8.  The objection to the Complaint argues that Brooke's signature, which is part of the Complaint's verification, appears to be completely identical to every other document that she files.  See Doc. No. 7.  That is, the signature appears to be replicated in violation of Local Rule

1 131(g).  See id.  Because Local Rule 131(g) applies, the objection requests that the Complaint be
2 stricken.  See id.

3      On March 2, 2020, the parties filed a stipulation to set aside the entry of default.  See Doc.
4 No. 10.  The same day, the Magistrate Judge signed the stipulation and set aside the entry of
5 default.  See Doc. No. 11.

6      On March 9, 2020, Superb filed a proposed order that struck the Complaint as requested by
7 the February 18, 2020 objections.  See Doc. No. 12.  On the same day, Superb filed an objection to
8 Brooke's February 16, 2020, request for Clerk's entry of default.  See Doc. No. 15.  The objection
9 notes that Local Rule 210(b) requires that the filing of proofs of service be filed "as soon as
10 possible," yet the notice of service was filed moments before Brooke requested default.  See id.
11 The objection notes that this is a consistent practice of Brooke's counsel.  See id.  Further, the
12 objection notes that service of process was accomplished through California Code of Civil
13 Procedure § 415.20, which permits substitute service.  See id.  The objections note that, under the
14 California Rule for substitute service, service would have been deemed complete after 10 days
15 from mailing the summons.  See id.  The earliest that a response could have been expected would
16 have been February 17, 2020, a federal holiday, so a response would not have been due until
17 February 18, 2020.  See id.  This makes the Clerk's entry of default, as well as Brooke's request
18 for entry of default, premature and improper.  See id.

19      On March 10, 2020, Brooke filed a notice of settlement.  See Doc. No. 16.

20      On March 31, 2020, both parties made filings.  Superb filed an objection to the notice of
21 settlement and a motion to impose a security pursuant to Local Rule 151.  See Doc. Nos. 18, 19.
22 Brooke filed a response to Superb's objections to the notice of settlement and a motion to strike.
23 See Doc. Nos. 20, 21.

24      On April 2, 2020, Brooke filed an amended motion to strike.  See Doc. No. 22.  The
25 amended motion to strike seeks to strike Superb's objection to signature (Doc. No. 7) and the Rule
26 12 motion to dismiss (Doc. No. 8) because they were filed in violation of the entry of default.  See
27 Doc. No. 22.  The amended motion seeks to strike the objections to the requested entry of default
28 (Doc. No. 15), the objection to the notice of settlement (Doc. No. 18), and the motion for security

1 (Doc. No. 19) as having been filed with no motivation other than to vexatiously increase the
2 proceedings. See Doc. No. 22.
3     On April 12, 2020, Superb filed a motion for relief under Rule 60(b). See Doc. No. 25.
4 Superb's Rule 60(b) seeks relief from any consequences of filing the objection and Rule 12
5 motion on February 18, 2020, when the Clerk's entry of judgment was pending. See id.

## PENDING MATTERS

**1.    Defendants' Objection to Signature (Doc. No. 7)**

In the Eastern District of California, "[a]ffidavits and certifications shall be signed by the person executing the document. The name of the person signing the document shall be typed or printed underneath the signature." Local Rule 131(b). Local Rule 131(g) is entitled "Misuse of Non-Attorney's Electronic Signature." That Local Rule reads:

> A non-filing signatory, party, or attorney who disputes the authenticity of an electronically-filed document with a non-attorney signature must file an objection and request that the document be stricken within twenty-one (21) days of receiving the Notice of Electronic Filing or a copy of the document, whichever first occurs, unless good cause exists for a later contest of the signature by a person exercising due diligence.

Local Rule 131(g). Local Rule 131(g) permits a party who has reason to believe that a signature is false to have a document stricken. See Hunt v. County of El Dorado, 2012 U.S. Dist. LEXIS 146902, *10 (E.D. Cal. Oct. 10, 2012).

In this case, Superb has objected that the verification portion of the Complaint does not have an authenticate signature. In support of this contention, Superb has submitted multiple verification pages from other complaints "signed" by Brooke. See Doc. No. 7 at Ex. A. The Court agrees that these signatures appear to be identical, which supports a conclusion that Brooke did not actually sign the verification. Brooke has not responded to the objections. Without a response or explanation from Brooke, the Court can only conclude that she did not actually sign the verification/Complaint.

If Brooke did not sign the verification, the verification has no force. See Freezor v. Excel Stockton, LLC, 2013 U.S. Dist. LEXIS 142715, *8-*10 (E.D. Cal. Sept. 28, 2013) (holding that a

4

declaration that was signed by the plaintiff's counsel, and not the plaintiff, had no evidentiary force). The verification is part of the Complaint. The effect of the verification is that Brooke ostensibly is aware of the complaint and the allegations therein, and she is personally supporting and attesting to the factual allegations under penalty of perjury. If that is not Brooke's signature, then Brooke's knowledge of not only the factual assertions are ineffective, but so too is Brooke's knowledge of the Complaint as a whole. That is, the entire validity of the Complaint becomes infirm. Therefore, by operation of Local Rule 131(g), it is appropriate to grant Superb's request and strike the Complaint.

The Court realizes that the objections are the subject of a motion to strike. See Doc. No. 22. However, the amended motion to strike is devoid of citation to any relevant authority. It consists of nothing more than an assertion that the objections should be stricken because they were filed while the entry of default was pending. See id. The Court is not convinced that this is a proper basis for striking or overruling the objections for several reasons.

First, the entry of default was set aside by stipulation and the pending objections were not addressed by either the stipulation or the order of the Court.

Second, Superb is correct that the request for Clerk's entry was improperly requested. Contrary to Brooke's request for entry of default, service was not effected on January 24, 2020. See Doc. No. 5. The documents supporting service of process included two documents, one that states substituted service was effected by serving a secretary at a business address on January 24, 2020, and the second stating that process was mailed to the business address on January 27, 2020. This is the appropriate order for substitute service under California law, see Cal. Code Civ. P. § 415.20(a), and a federal defendant may be served with federal process pursuant to relevant state law. See Fed. Rs. Civ. P. 4(e)(1), (h)(1)(A); Spikes v. Abu Noah Invs., LLC, 2020 U.S. Dist. LEXIS 27226, *1-*2 (S.D. Cal. Feb. 18, 2020). However, service through § 415.20(a) is considered complete 10 days after mailing. See Cal. Code Civ. P. § 415.20(a); Spikes, 2020 U.S. Dist. LEXIS 27226 at *1-*2. Once service is complete on a federal defendant, the defendant has 21-days to answer or file a Rule 12 motion. See Fed. R. Civ. P. 12(a)(1); Spikes, 2020 U.S. Dist. LEXIS 27226 at *2. Here, service of process was completed on February 6, 2020 (ten days after

5

1 January 27, 2020). Superb had twenty-one days from February 6 to file an answer or motion or
2 appear. Superb's answer was not due on either February 16 or February 18, it was due on
3 February 27, 2020. The request for entry of default and the actual entry of default were premature
4 and inappropriate. See Spikes, 2020 U.S. Dist. LEXIS 27226 at *2-*3.

5       Third, the consequence of a clerk's entry of default is that the well-pleaded factual
6 allegations in a complaint are taken as true. See VLM Food Trading Int'l, Inc. v. Illinois Trading
7 Co., 811 F.3d 247, 255 (7th Cir. 2016); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir.
8 1977). A Clerk's entry of default will not cure jurisdictional problems. See Hmong v. Lao
9 People's Democratic Republic, 748 F. App'x 136, 137 (9th Cir. 2019); Hofelich v. Lacy, 616 F.
10 App'x 310, 311 (9th Cir. 2015); Strojnik v. Victus Grp., Inc., 2020 U.S. Dist. LEXIS 54117, *8
11 (E.D. Cal. Mar. 27, 2020). Also, facts that are not in pled the complaint, and claims which are not
12 properly pled, are not binding and do not support default judgment. See Alan Neuman Prods., Inc.
13 v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Danning v. Lavine, 572 F.2d 1386, 1388 (9th
14 Cir. 1978). Here, the issue raised by the Local Rule 131(g) objection in this case is one that goes
15 to the validity of the entire complaint; it is something akin to a jurisdictional problem or a severe
16 pleading problem. The Court cannot award relief or grant a judgment in the absence of
17 jurisdiction or in the absence of a valid complaint or in the absence of any plausible claims. The
18 Local Rule 131(g) problem in this case has the effect of eliminating the Complaint from
19 consideration, including all allegations that may support plausible claims. Without more from
20 Brooke, the Court cannot conclude the Clerk's entry of default invalidates the objection.

21       In sum, Superb's objections to the Complaint will be sustained and the Complaint will be
22 stricken. See Local Rule 131(g).

23 **2.      Motion to Dismiss (Doc. No. 8)**

24       The motion to dismiss raises jurisdictional and pleading concerns. However, the Court has
25 found that it is appropriate to strike pursuant to Local Rule 131(g). With the striking of the
26 Complaint, the Rule 12 motion attacks a non-operative complaint. Therefore, the Court will deny
27 the entirety of Superb's Rule 12 motion as moot.

28

**3.     Motion for Security (Doc. No. 19)**

The motion for security is premised on a valid complaint being on-file. Because the Court is striking the Complaint pursuant to Local Rule 131(g), the motion for security is now moot because it relates to a complaint that is no longer operable. Therefore, the motion for security will be denied. Given the basis for the denial, there is no need to conduct a hearing on this motion.

**4.     Motion to Strike (Doc. No. 21)**

The filing of the amended motion to strike on April 2, 2020, by definition replaces the original motion filed on March 31, 2020. Thus, the Court will deny the original motion to strike as moot. See Metropolitan Life Ins. Co. v. Robinson, 2019 U.S. Dist. LEXIS 9596, *6 n.4 (E.D. Mich. Jan. 22, 2019); Brown v. Garth-Dickens, 2016 U.S. Dist. LEXIS 164388, *10 (E.D. Wis. Nov. 29, 2016); United States v. Taylor, 496 F.Supp.2d 852, 854 n.3 (S.D. Ohio 2006).

**5.     Amended Motion to Strike (Doc. No. 22)**

The amended motion to strike is a two-page document that is unsupported by citation to any relevant authority or evidence. Moreover, it now largely relates to motions that the Court is denying as moot. Given these considerations, it is appropriate to deny the amended motion to strike without conducting a hearing.

**6.     Rule 60 Motion for Relief (Doc. No. 25)**

Superb's motion seeks to preserve the validity of its objections to signature (Doc. No. 7) and its Rule 12 motion to dismiss (Doc. No. 8). As discussed above, the Court is sustaining the objection to signature and denying the Rule 12 motion as moot. Under these circumstances, it is appropriate to deny Superb's Rule 60 motion as moot and without conducting a hearing.

**7.     Objection to Request for Clerk's Entry of Judgment (Doc. No. 15)**

Local Rule 210 in relevant part reads:

> If service of process is not waived, proof of service of process shall be made by acknowledgement of the party served or by affidavit of the person serving such process. Such proof of service shall be filed and served on all parties who have been served or who have appeared in the action as of the time of filing the proof of service, *as soon as possible after service has been completed* and, in any event, before any action based upon the service is requested or taken by the Court or is taken by a party in reliance on proper service.

Local Rule 210(b) (emphasis added).

7

Here, Brooke filed her proof of service on February 16, 2020 (a Sunday), and requested that the Clerk enter default the same day.  As discussed above, the requested entry was improper and should not have been filed because Superb had until February 27, 2020, to file an answer (or a Rule 12 motion).  Apart from this aspect of the impropriety of the request, Local Rule 210 is implicated.  Brooke's counsel filed the notice at a time in which he believed that more than 21 days had passed since the date service was effected.  Brooke's counsel believed that service had been effected on January 24, 2020.  Despite believing that service was completed on January 24, 2020, he waited until February 16, 2020 to file his notice.  That is, Brooke's counsel waited twenty-three days to file a notice of service of process.  A lapse of twenty-three days between effective service of process and the filing of the notice of service, in the absence of other information, does not demonstrate a filing that was done "as soon as possible."

The Court is concerned about how the request for an entry of default by the Clerk was handled by Brooke's counsel.  First, as discussed above, the request for entry was improper because it was made too early by weeks.  Second, as just explained, waiting twenty-three days to file a notice of service is not one that was filed "as soon as possible" and appears to violate Local Rule 210.  Third, Brooke's counsel has filed a notice of service and then a request for the Clerk to make an entry of default both on the same day in a number of cases in the Eastern District of California.  E.g. *Brooke v. Hilton HHonors Worldwide LLC*, 1:20-cv-0100 AWI SKO; *Brooke v. Clovis Park Holdings LLC*, 1:20-cv-0098 DAD SKO; *Brooke v. SG Downtown*, 2:19-cv-2534 WBS EFB; *Brooke v. Shyam*, 1:18-cv-0392 DAD SKO; *Brooke v. Tharaldson Hospitality Mgmt., LLC*, 2:18-cv-1905 TLN CK.  That is, what happened in this case does not appear to be an isolated incident.  It is not appropriate to violate the Local Rules.  "As soon as possible" does not mean after the time for filing a response to the complaint has elapsed.  There may be some legitimate reasons that justify a lengthy delay between effecting service of process and filing notice thereof, but that should not be a regular or common occurrence.

Therefore, the Court finds that it is appropriate for Brooke's counsel to explain why he waited twenty-three days to file his notice of service in this case, and to explain his practices regarding filing notices of service and requests for a Clerk's entry of default in the Eastern District

of California. Brooke's counsel should explain what steps he takes (or will take) to ensure compliance with Local Rule 210 in all pending cases, or to be filed cases, in the Eastern District of California.

**7.     Settlement**

Both parties have filed documents relating to settlement or the notice of settlement. At one time, it clearly appeared that this case had settled. However, as this order illustrates, that is not the case. It is not uncommon for apparent settlements to breakdown. If a party believes that a binding settlement has been reached, but the other side disagrees or refuses to acknowledge a settlement or otherwise refuses to perform, then the appropriate course is to file a motion to enforce settlement. Courts have the power to enforce settlements that have been reached in the cases pending before them. See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978). At this time, the Court views this case as on-going and not settled, period. In the absence of a motion to enforce, there is no need for the parties to make further filings regarding the notice of settlement or the purported settlement in this case.

**8.     Leave to Amend**

The Court is striking the Complaint pursuant Local Rule 131(g). Given the procedural history of this case and the absence of a response from Brooke as to the Local Rule 131(g) issue, the Court finds that striking the Complaint with leave to amend is the appropriate course. Brooke will be given the opportunity to file an amended complaint that contains her actual signature.

With respect to the Rule 12 motion and the motion for security, those motions are moot. If Brooke files an amended complaint, and if Superb believes that the same problems persist and require resolution by the Court, then Superb may refile those motions after the amended complaint is filed. Therefore, these motions will be denied without prejudice to refiling if Brooke files an amended complaint.[1]

With respect to Superb's Rule 60 motion, relief under that provision is unnecessary in light of this order. Therefore, leave to amend is unnecessary.

---

[1] If Brooke believes that there are valid points made in Superb's now moot Rule 12 motion, then she may attempt to address those points through additional allegations in an amended complaint.

Finally, with respect to the motion to strike, the Court has resolved that motion by substantively denying it with respect to the Local Rule 131(g) objection (Doc. No. 7) and finding it moot with respect to the other documents identified.  Therefore, leave to amend is unnecessary.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's objections to signature (Doc. No. 7) is SUSTAINED;
2. Plaintiff's complaint is STRICKEN pursuant to Local Rule 131(g);
3. Within twenty-one (21) days of service of this order, Plaintiff may file an amended complaint;
4. If Plaintiff fails to file a timely amended complaint, then leave to amend shall be automatically withdrawn and this case will close without further notice;
5. The May 6, 2020 and May 11, 2020 hearing dates in this matter are VACATED;
6. Defendant's Rule 12 motion to dismiss (Doc. No. 8) and motion for security (Doc. No. 19) are DENIED without prejudice as moot;
7. Plaintiff's motion to strike (Doc. No. 21) is DENIED as superseded and moot;
8. Plaintiff's amended motion to strike (Doc. No. 22) is DENIED, as discussed above;
9. Defendant's Rule 60 motion (Doc. No. 25) is DENIED, as discussed above;
10. Within twenty-eight (28) days of service of this order, Plaintiff's counsel shall explain in writing the apparent Local Rule 210 violation in this case, as well as his practices relating to Local Rule 210 in the Eastern District of California, as discussed above; and
11. The failure of counsel to timely respond to the Local Rule 210 issue may result in the imposition of sanctions or other orders to ensure compliance with Local Rule 210.

IT IS SO ORDERED.

Dated:   April 17, 2020                           _____
                                                   SENIOR  DISTRICT  JUDGE