UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA BROOKE,** | **CASE NO. 1:20-CV-0103 AWI SAB** |
| **Plaintiff** | |
| v. | **ORDER REGARDING PLAINTIFF'S COUNSEL RESPONSE TO LOCAL RULE 210(b) ISSUE** |
| **SUPERB HOSPITALITY, LLC, d/b/a Fairfield Inn & Suites Selma/Kingsburg,** | |
| **Defendants** | |

On April 17, 2020, the Court issued a multifaceted order that resolved two objections and five motions. See Doc. No. 26. Part of that order noted that Local Rule 210(b) had been violated in this case by Plaintiff's counsel and that the violation did not appear to be an isolated incident. See id. Local Rule 210(b) requires a plaintiff to file a notice of service of process "as soon as possible," but the notice in this case, as in numerous other in this District, was filed on the same day that a request for Clerk's entry of default was made. See id. The Court ordered Plaintiff's counsel to explain the Local Rule 210(b) violation in this case, as well as his Local Rule 210(b) practices in this District. See id.

The same day, Plaintiff's counsel filed a response. See Doc. No. 27. In relevant part, Plaintiff's counsel declares that: (1) he was not aware of Local Rule 210(b)'s "as soon as possible" requirement, (2) he will take steps to ensure that a notice of service gets filed within this District as soon as he receives proper notification from his process server that service has been effected, (3) he did not intend to do anything improper or as part of an overall strategy by filing the notice of service along with the request for Clerk's entry of default, (4) he always alerts defendants or a known contact to the petition for entry of default and entry of default, or agrees to

set aside the default upon appearance; and (5) he sincerely apologizes for his oversight of Local Rule 210(b).  See id.  Part of counsel's response includes a copy of a letter that is commonly sent in situations in which an ADA Title III defendant has not appeared.  See id.  The letter urges in part that a person forward the letter to the business/hotel's owners, that sometimes things fall through the cracks, and that judgment will be sought by a particular date if no appearance is made.  See id.

After consideration, the Court is satisfied with Plaintiff's counsel's response.  Counsel candidly admits that he was unaware of the Local Rule 210(b) requirement, but has stated that he will correct his practice to ensure compliance.  Further, counsel's response does not indicate that there is a nefarious intent to counsel's actions.  The sample letter counsel has submitted clearly urges that a defendant/defendant's contact respond to a complaint and makes the defendant/defendant's contact aware of an intent to seek judgment by a date certain.  That is step that is unnecessary, but it reflects an attempt to proceed in court and on the merits.

In sum, the Court is satisfied that Plaintiff's future practices will conform to Local Rule 210(b) and that no further actions or responses are necessary.  The Court considers the Local Rule 210(b) issue in this case to be resolved.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's response to the April 17, 2020 order is SATISFACTORY; and
2. No further actions or responses will be requested because the Local Rule 210(b) issue is now RESOLVED.

IT IS SO ORDERED.

Dated:   April 20, 2020

SENIOR DISTRICT JUDGE