## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA BROOKE,** | **CASE NO. 1:20-CV-0103 AWI SAB** |
| **Plaintiff** | |
| v. | **ORDER DENYING DEFENDANT'S REQUEST FOR LEAVE TO RESPOND TO PLAINTIFF'S COUNSEL'S DECLARATION** |
| **SUPERB HOSPITALITY, LLC, d/b/a Fairfield Inn & Suites Selma/Kingsburg,** | |
| **Defendants** | |

On April 17, 2020, the Court issued a multifaceted order that resolved two objections and five motions. See Doc. No. 26. Part of that order required Plaintiff's counsel to explain the violation of Local Rule 210(b) in this case and his Local Rule 210(b) practices in this District. See id.

The same day, Plaintiff's counsel filed a response. See Doc. No. 27. In part, Plaintiff's counsel stated that he was unfamiliar with the requirements of Local Rule 210(b), that his violation was not intentional, and that he would immediately change his practices to conform to Local Rule 210. See id.

On April 20, 2020, the Court issued an order that in part explained that it was satisfied that Plaintiff's counsel did not act nefariously and that he would correct his behavior in all further cases in this District to conform to Local Rule 210(b). See Doc. No. 28. The Court stated that no further action or response was necessary. See id. In other words, the Court considered the issue was sufficiently resolved. See id.

The same day, several hours after the above order was docketed, Defendant's counsel filed a document that sought leave to respond to the April 17 declaration of Plaintiff's counsel. See Doc. No. 29. The request address representations concerning Plaintiff's signature, whether Defendant (or an agent/contact for Defendant) received a warning letter regarding the eminent

request for entry of default, and an assertion that documents regarding an initial scheduling conference were never served and documents required by California Civil Code §§ 55.3 to 55.32. See id.

Defendant's April 20 filing is essentially a request for the Court to consider a response. The Court finds that there is no need to consider Defendant's April 20 filing. First, the response does nothing to undermine the representation that Plaintiff's counsel will change his practices to fully conform with Local Rule 210(b). The Court ordered a response from Plaintiff's counsel primarily because it was concerned with an apparent pattern by Plaintiff's counsel of violating Local Rule 210(b). Because Plaintiff's counsel has assured the Court that his conduct was done out of ignorance and will change, the Court is satisfied that Local Rule 210 will be honored in all pending and yet to be filed cases in this District. Second, the Complaint was stricken and is no longer operative. Plaintiff has been given the opportunity to file a Complaint that contains Plaintiff's actual signature. At this time, there is no other Local Rule 131(g) issue before the Court. Third, Defendant is no longer in default and does not face an active complaint. Any service problems that may have occurred have no further effect. If Plaintiff does not properly file an amended Complaint, the case will end. If Plaintiff does file an amended Complaint, Plaintiff will be under an obligation to ensure that service is properly performed. If Plaintiff does not properly serve an amended Complaint, Defendant may file a motion/objection at that time.

In sum, Defendant's response is unnecessary, does not undermine the Court's April 20 Order, and will not be considered.

It is apparent from the filings on the docket that there is substantial conflict between counsel. Counsel are not required to be friends, but the Court expects this case to proceed in a professional and efficient manner. If there is a sound legal basis for a motion, and counsel may file such a motion consistent with Rule 11, then the motion may be filed and counsel may zealously pursue the interests of his client. However, the Court does not intend to expend any further resources (which are already stretched based on the case load of this District, as well as COVID-19 measures) on filings that have no further impact on this case or that smack of unnecessary sniping between counsel.

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that Defendant's request to consider a response to Plaintiff's counsel's declaration (Doc. No. 29) is DENIED.

IT IS SO ORDERED.

Dated:   April 21, 2020

_____
SENIOR DISTRICT JUDGE