UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA BROOKE,**<br><br>**Plaintiff**<br><br>v.<br><br>**SUPERB HOSPITALITY, LLC, d/b/a Fairfield Inn & Suites Selma/Kingsburg,**<br><br>**Defendants** | **CASE NO. 1:20-CV-0103 AWI SAB**<br><br>**ORDER ON MOTION TO CONSIDER SUPPLEMENTAL EVIDENCE, ORDER VACATING HEARING, ORDER SETTING NEW BRIEFING SCHEDULE, and ORDER ADMINISTRATIVELY DENYING MOTIONS**<br><br>(Doc. Nos. 35, 39, 40, 41) |

    This is an Americans with Disabilities Act (and related state law claims) brought by Plaintiff Theresa Brooke ("Brooke") against Defendant Superb Hospitality, LLC ("Superb") in connection with the attempted on-line rental of a hotel room.  This has been an exceptionally contentious case.  Currently before the Court are Brooke's motion for sanctions (Doc. No. 34) and five motions by Superb:  a combined Rule 12(b)(1) and Rule 56 motion, two supplemental motions related to the original Rule 12(b)(1)/Rule 56 motion, a motion for the Court to accept the supplemental motions, and a Rule 11 motion for sanctions.  Hearing on all of the motions is set for June 22, 2020.

    With respect to the motion to accept supplemental motions, Superb's counsel explains that the first supplemental motion was filed in order to provide the Court with documents/evidence that were omitted from the original Rule 12/Rule 56 motion through illness and mistake of counsel. See Doc. No. 41.  Superb points out that the original Rule 12/Rule 56 motion referenced exhibits and SUF's (statement of undisputed facts), but the exhibits and the statement of facts were not

provided. See id. With respect to the second supplemental motion, Superb explains that the second supplement deals with matters and information that arose after the filing of the original Rule 12/Rule 56 motion. See id.

The issues raised in Superb's Rule 12/Rule 56 motion and supplements relate to mootness, a jurisdictional issue. North Carolina v. Rice, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot question or abstract propositions.'" (citation omitted)); see also Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). Brooke has already filed an opposition to Superb's original Rule 12/Rule56 motion, even though the hearing is not until June 22, 2020. Nevertheless, considering the importance of the jurisdictional matters raised, as well as the fact that Superb filed its motions relating to supplementation about a month before the scheduled hearing, the Court finds that the appropriate course is to grant Superb's motion to consider the two supplements, vacate the June 22 hearing date, and reset all pending motions to a new date. Cf. Fed. R. Civ. P. 12(h)(3) (providing for jurisdictional challenges to be made at any time); Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1341 n.8 (9th Cir. 1976) (holding that Rule 12(h)(1) "does not in any way prevent a judge in his discretion from permitting a party to expand the grounds of motion well in advance of a hearing."). Further, the Court will administratively deny all pending Rule 12/Rule 56 related motions and require Superb to file a new fully self-contained/consolidated Rule 12/Rule 56 motion. Brooke will be permitted to file an amended opposition to the new consolidated Rule 12/Rule 56 motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to consider supplemental matters (Doc. No. 41) is GRANTED;
2. Defendant's Rule 12/Rule56 motion (Doc. No. 35), first supplemental motion (Doc. No. 39), and second supplemental motion (Doc. No. 40) are ADMINISTRATIVELY DENIED;
4. By 10:00 a.m. on June 2, 2020, Defendant shall file a consolidated Rule 12/Rule 56

      motion;

5. Brooke shall file an opposition to the consolidated Rule 12/Rule 56 motion on or by June 22, 2010;

6. Superb shall file a reply to the opposition to the consolidated Rule 12/Rule 56 motion on or by July 2, 2020;

5. The June 22, 2020 hearing on all pending motions is VACATED;

6. Hearing on Brooke's motion for sanctions (Doc. No. 34), Superb's motion for sanctions (Doc. No. 42) and the consolidated Rule 12/Rule 56 motion is RESET to July 13, 2020 at 1:30 p.m.; and

7. Oppositions and replies to the two sanctions motions may be filed within the time limits set by Local Rule 230.

IT IS SO ORDERED.

Dated:   May 28, 2020

SENIOR  DISTRICT  JUDGE