# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA BROOKE,**<br><br>**Plaintiff**<br><br>v.<br><br>**SUPERB HOSPITALITY, LLC, d/b/a Fairfield Inn & Suites Selma/Kingsburg,**<br><br>**Defendants** | CASE NO. 1:20-CV-0103 AWI SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR AN UNDERTAKING AND ORDER PROHIBITING THE FILING OF ANY FURTHER NON-EMERGENT MOTIONS**<br><br>(Doc. No. 85) |

This is an ADA case filed by Plaintiff Theresa Brooke against Defendant Superb Hospitality. Currently, there are multiple motions under submission, including dueling motions for sanctions, a motion to amend, and potentially dispositive motions to dismiss. These motions represent hundreds of pages of evidence, arguments, and sniping between the parties. On June 12, 2020, the Court instructed the parties to focus their efforts on the then pending motions. See Doc. No. 52. Despite the pending motions and the Court's June 12 order, Defendant filed a motion to require an undertaking by Plaintiff on September 3, 2020. See Doc. No. 85. This motion includes a 100 page memorandum, an 18 page declaration by counsel, a 19 page proposed order and numerous exhibits; the total is 333 pages submitted by Defendant.

Given the pending motions, the Court finds that Defendant's voluminous motion for an undertaking is not well taken. The Court will not rule on the substance of this motion or consider it any further at this time. Instead, the motion will be summarily denied. However, the denial will be without prejudice to refiling, if necessary, once the Court has resolved all pending motions. If this case remains pending after the Court resolves all the motions that are under submission, the Court will inform Defendant that it can refile the motion for an undertaking, but not "as is." The Court will impose a page limit.

Further, no additional motions will be considered until the Court has resolved all the motions that are under submission.  Unless there is an objectively emergent situation that requires a party to file a motion, any motion that the Court deems to be non-emergent will be summarily denied through citation to this order.  Further, an order to show cause why sanctions should not be imposed for violating a court order will likely issue.

This order does not mean that the case cannot proceed.  To the extent that it might be possible for counsel to work together, the parties may engage in voluntary discovery and/or settlement efforts.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for an undertaking (Doc. No. 85) is DENIED, subject to possible re-filing upon further Court order as described above;

2. No party shall file any further motions until all pending motions have been resolved by the Court (unless there is an objectively emergent basis for the filing);

3. Any violations of this order will likely result in an order to show cause why sanctions should not be imposed against the violating party; and

4. The Court will not entertain any motions for reconsideration or clarification regarding this order.

IT IS SO ORDERED.

Dated:  September 4, 2020                          _____
                                                                        SENIOR DISTRICT JUDGE