## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA BROOKE,** | CASE NO. 1:20-CV-0103 AWI SAB |
| **Plaintiff** | |
| v. | **ORDER ON DEFENDANT'S SECOND MOTION FOR RULE 11 SANCTIONS AND ORDER TO SHOW CAUSE** |
| **SUPERB HOSPITALITY, LLC, d/b/a Fairfield Inn & Suites Selma/Kingsburg,** | |
| **Defendants** | (Doc. No. 74) |

This is a disability related suit brought by Plaintiff Theresa Brooke ("Brooke") against Defendant Superb Hospitality, LLC d.b.a Fairfield Inn & Suites Selma/Kingsburg ("Superb"). Currently pending before the Court is *inter alia* Superb's second motion for Rule 11 sanctions. Brooke has filed an opposition and Superb has filed its reply. For the reasons that follow, the motion for sanctions will be denied, and Superb's counsel will be ordered to show cause why sanctions should not be imposed against him.

*Relevant Procedural Timeline*

On June 18, 2020, at 4:31 p.m., Brooke filed her motion to amend. See Doc. No. 54. As part of the motion, Brooke referenced as an attached exhibit an e-mail string between counsel regarding the possibility of consent and a stipulation for filing an amended complaint. See id. However, the referenced exhibit was not attached or filed. See id.

On June 19, 2020, at 1:04 a.m., Superb filed objections to the motion to amend. See Doc. No. 55. In part, Superb noted that the e-mail string referenced in Brooke's motion was not actually submitted and included the e-mail string for the Court's review. See id.

1       On July 1, 2020, Brooke filed a notice of errata and included the e-mail string that had
2  been referenced as an exhibit in the motion to amend but was erroneously omitted.  See Doc. No.
3  62.
4       The e-mail strings provided by the parties in Doc. Nos. 55 and 62 are materially identical,
5  the only difference being that Superb included a short e-mail from Brooke's counsel dated June
6  12, 2020.  Cf. Doc. No. 55-1 with Doc. No. 62-1.  The short e-mail simply informed Superb that
7  Brooke had personally encountered an additional barrier at the Hotel.  See Doc. No. 55-1.
8       On July 20, 2020, Superb filed a formal opposition to the motion to amend.  See Doc. No.
9  68.
10      On July 26, 2020, Superb filed this Rule 11 motion for sanctions.  See Doc. No. 74.  Two
11 hours later, Brooke filed her reply in support of the motion to amend.  See Doc. No. 75.
12      *Defendant's Argument*
13      Superb seeks Rule 11 sanctions based on a single sentence in Brooke's motion to amend.
14 As part of the notice in the motion to amend, Brooke's counsel represented that defense counsel
15 had been contacted for consent and a stipulation to file an amended complaint.  The notice then
16 stated:  "Defendant's counsel, on behalf of his client, refused to consent."  Doc. No. 54 at 2:6.
17 Superb's counsel states that he did not refuse to consent, rather, he requested that Brooke's
18 counsel send a signed copy of the proposed amended complaint for review.  However, no form of
19 the amended complaint was sent.  Superb also argues that Brooke's counsel has a history of
20 making misleading representations about communications with opposing counsel in other courts,
21 and if sanctions are not made, that practice can reasonably be expected to continue in this and
22 other cases.
23      *Legal Standard*
24      "[T]he central purpose of Rule 11 is to deter baseless filings in district court."  Smith v.
25 Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994) (quoting Cooter & Gell v. Hartmax Corp., 496 U.S.
26 384, 393 (1990)).  To further that purpose, Rule 11 superimposes certain representations by an
27 attorney upon any pleading, written motion, or other paper presented to federal court, including
28 the representation that "the factual contentions have evidentiary support . . . ."  Fed. R. Civ. P.

1  11(b)(3).  The standard of objective reasonableness governs the imposition of sanctions under

2  Rule 11.  Conn v. Borjorquez, 967 F.2d 1418, 1421 (9th Cir. 1992).  "Rule 11 is an extraordinary

3  remedy, one to be exercised with extreme caution."  Operating Engineers Pension Trust v. A-C

4  Co., 859 F.2d 1336, 1345 (9th Cir. 1988); see Conn, 967 F.2d at 1421.  Imposition of sanctions

5  under Rule 11 is discretionary, not mandatory.  Moore v. Local 569 of the IBEW, 53 F.3d 1054,

6  1058 (9th Cir. 1995); Roundtree v. United States, 40 F.3d 1036, 1040 (9th Cir. 1994).  If sanctions

7  are imposed, Rule 11 requires that the sanction "must be limited to what suffices to deter

8  repetition of the conduct."  Fed. R. Civ. P. 11(c)(4); Ringgold-Lockhart v. County of L.A., 761

9  F.3d 1057, 1065 (9th Cir. 2017).

10  *Discussion*

11  As explained above, in the notice of motion, Brooke's counsel stated that Superb's counsel

12  had refused to consent.  Brooke's counsel then referenced the e-mail string as an attached exhibit

13  (Exhibit 1) and explained that the e-mail string reflects the attempt to obtain consent and the

14  corresponding refusal.  See Doc. No. 54 at 2:5-8.  The e-mail string was not actually attached but

15  was later provided to the Court as a notice of errata.  See Doc. No. 62-1.  Further, immediately

16  after the motion to amend, Superb filed objections to the motion, which included an objection

17  about "refusing to consent" and also included the relevant e-mail string.  See Doc. No. 55.

18  After reviewing the e-mail string, the Court agrees with Superb's point that the e-mail

19  string does not affirmatively and unequivocally state that defense counsel refuses to consent.  The

20  e-mail string shows that defense counsel would not consent to the filing of an amended complaint

21  without seeing the proposed second amended complaint and discussing the matter with his client.

22  It would be more accurate to say that defense counsel refused to consent to an amendment that

23  was merely described to him (as opposed to shown to him) or refused to set a hard deadline for

24  consenting until a copy of the proposed amended complaint was received.  Nevertheless, the e-

25  mail string does reflect a failed attempt to obtain consent for an amended complaint.  While

26  different words or a fuller explanation could have been provided, Brooke's reference to the e-mail

27  string in the notice and the eventual provision of the e-mail string from both Brooke and Superb is

28  more than sufficient for the Court to understand why the motion was brought and what

3

1  circumstances led to the statement that defense counsel "refused to consent." Additionally, the
2  single sentence was merely part of the notice of the motion, not the substantive portion of the
3  motion/memorandum. The single sentence represented no legal proposition, had nothing to do
4  with any fact relevant to the merits of the motion, was not required by the Local Rules, and was
5  not considered by the Court in resolving the motion. In other words, as far as the Court is
6  concerned, the single sentence is immaterial. Finally, the purpose of Rule 11 is to deter frivolous
7  filings. The motion to amend, although denied, was not frivolous.

8  As quoted above, the Ninth Circuit has cautioned that Rule 11 sanctions are to be imposed
9  with extreme caution. Conn, 967 F.2d at 1421. Given the non-frivolous nature of the motion to
10 amend, the reference to and provision of the e-mail string by Brooke that formed the basis of the
11 single sentence, and the immateriality of the single sentence which was merely part of the notice,
12 the Court finds that the extraordinary remedy of Rule 11 sanctions is not warranted.

13 Additionally, Brooke's opposition indicates that Superb's counsel should face sanctions for
14 the filing of this Rule 11 motion. Considering the nature of this Rule 11 motion and the extensive
15 litigation history in this case, it is possible to make a reasonable argument that this Rule 11 motion
16 was frivolous and/or filed with an improper purpose. Therefore, if Brooke wishes to file a motion
17 for sanctions based on Superb filing this second Rule 11 motion, she may do so.[1]

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's second motion for Rule 11 sanctions (Doc. No. 74) is DENIED;
2. Within fourteen (14) days of service of this order, Plaintiff may file a motion for sanctions as discussed in this order;

---

[1] If Brooke chooses to file a motion for sanctions, the motion should be limited to no more than 25 pages and expressly identify the source(s) of authority for the sanctions, e.g. inherent authority, Rule 11, and/or § 1927. Further, if Brooke files a sanctions motion, the opposition will be limited to no more than 25 pages. If Brooke chooses to pursue sanctions, then the motion, opposition, and reply shall be limited to the propriety of this second Rule 11 motion. The Court will not permit either party to rehash every filing or describe every correspondence or perceived improper action blow-by-blow. Again, while she is not required to do so, if Brooke chooses to file a motion for sanctions, what is at issue is this second Rule 11 motion.

3. Within fourteen (14) days of service of a motion for sanctions, Defendant shall file an opposition;

4. Within seven (7) days of service of the opposition, Brooke may file a reply; and

5. If, after reviewing the briefing, the Court determines that a hearing would be beneficial, the Court will set a hearing date at that time.

IT IS SO ORDERED.

Dated: March 30, 2021

SENIOR DISTRICT JUDGE