1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

7

THERESA BROOKE,

8
9

Plaintiff

v.

10

SUPERB HOSPITALITY, LLC,

11

Defendant.

12
13
14
15
16

Case No. 1:20-CV-0103-AWI-SAB

**ORDER DENYING MOTIONS FOR SANCTIONS**

(Doc. Nos. 34, 42, 92)

17
18
19

On March 29, 2021, the Court issued an order that resolved all substantive aspects of this case but left the case open pending resolution of three sanctions motions. See Doc. No. 90 at 21:12-15. The Court will deny all three motions and close this case.

20

**A.    Plaintiff's May 4, 2020 Motion for Sanctions Under 28 U.S.C. § 1927 (Doc. No. 34)**

21
22
23
24
25
26
27
28

On May 4, 2020, Plaintiff Theresa Brooke filed a sanctions motion against Defendant Superb Hospitality LLC's attorney under 28 U.S.C. § 1927, asserting that Defendant's counsel had "acted bizarrely and vexatiously" in various respects. Doc. No. 34 at 1:26-2:6. Specifically, Plaintiff asserts that Defendant's counsel "filed a Motion to Dismiss after default had been entered"; failed to respond for a full week to Plaintiff's offer to set aside default; caused a two-week delay in filing a stipulation to set aside default; "reneged on a very clear settlement agreement"; improperly filed an objection to a notice of settlement after accepting Plaintiff's

1  settlement offer; improperly filed objections to a motion to strike filed by Plaintiff; improperly

2  filed a motion under Rule 60 of the Federal Rules of Procedure that "ha[d] absolutely no bearing

3  on any issue in this case"; and filed a response to a declaration filed by Plaintiff's counsel after

4  issues addressed in the declaration had been resolved. Doc. No. 34 at 3:1-18. The Court will

5  address each of these issues in turn.

6      As to the motion to dismiss, the Court found on April 17, 2020 that Plaintiff's "request for

7  entry of default and the actual entry of default were premature and inappropriate" and that,

8  consequently, the motion to dismiss Defendant filed on February 18, 2020, Doc. No. 8, was

9  timely, notwithstanding entry of default. Doc. No. 26 at 5:16-6:4.

10     As to the stipulation to set aside default, the record shows that the delay in question

11  resulted from the fact that Plaintiff sent the stipulation offer to an auxiliary email address that

12  Defendant's counsel does not monitor. Doc. No. 67 at 12:18-13:9. Further, the stipulation to set

13  aside default, Doc. No. 10, was filed four days prior to the March 6, 2020 deadline for a motion to

14  set aside default set forth in the Court's February 19, 2020 scheduling order. Doc. No. 9 at 1:26-

15  27.

16     As to settlement, the record shows that Defendant's "objections" to Plaintiff's notice of

17  settlement, Doc. No. 18, merely clarified that the notice of settlement was not a joint filing; that

18  agreement had not yet been reached on all material terms of settlement; and that Plaintiff's

19  representation that the "parties" requested that "pending deadlines [and] hearings be taken off

20  calendar" was inaccurate as to Defendant. Id. at 1-2. Further, the Court found in an order issued on

21  April 17, 2020 that the case was "ongoing and not settled, period," Doc. No. 26 at 9:12-13; and

22  Defendant has adduced several emails showing that settlement was never finalized—including, for

23  example, a March 25, 2020 email from Plaintiff's counsel stating "[t]here is no deal." Doc. No.

24  19-7 at 2.

25     As to Defendant's supposedly improper Rule 60 motion, the Court found that relief under

26  Rule 60 was unnecessary because the Complaint was to be stricken under Local Rule 131(g) for

27  misuse of Plaintiff's electronic signature. Doc. No. 26 at 9:25-26. Thus, the Court did not have

28  occasion to address the merits of the motion under Rule 60. Id.

As to the declaration issue, the Court ordered Plaintiff's counsel to file a declaration explaining his apparent violation of Local Rule 210 (pertaining to the use of client electronic signatures) in this case, "as well as his practices relating to Local Rule 210" in general. Doc. No. 26 at 10:18-21. Plaintiff's counsel responded with a seven-page declaration addressing the Local Rule 210 question as ordered, but also asserting, *inter alia*, that Defendant's counsel had unnecessarily complicated the default set aside; that it was not "Defendant's counsel's intention in this case to keep fees low"; that entry of default was not improper in the first place; and that the case had settled. Doc. No. 27 at 6:15-7:10. The five-page response to Plaintiff's declaration that Defendant filed on April 20, 2020 (and that Plaintiff takes issue with here) sought leave to respond to these assertions and address certain other issues. Doc. No. 29. The Court found, in essence, that it was unnecessary to consider Defendant's response because the Court was satisfied that Plaintiff's counsel would comply with Local Rule 210 going forward and that the response was otherwise irrelevant given the posture of the case. Doc. No. 30 at 2. The Court did note "substantial conflict between counsel" and state that it expected "this case to proceed in a professional and efficient manner,"[1] but that admonition was directed to both sides and cannot be construed to mean that the filing in question was sanctionable. See id. at 2:21-28.

Section 28 U.S.C. § 1927 states:

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Despite the broad scope of this motion, Plaintiff has failed to show that Defendant's counsel engaged in unreasonable or vexatious conduct or that the conduct in question "multiplie[d] the proceedings" or generated "excess costs."[2] To the contrary, Plaintiff's counsel's brazen mischaracterizations of the record in connection with this motion raise serious questions as to his

---

[1] That did not happen.

[2] In addition to the issues addressed above, Plaintiff asserts that the LawyersAgainstLawsuitAbuse.com website shows that Defendant's counsel is "improperly utilizing this Court's time" to show that Plaintiff's counsel is a "lawsuit abuser," Doc. No. 34 at 6:24-7:7, and that Defendant's counsel improperly threatened to bring his own motion for sanctions in response to the motion at issue here. Id. at 3:22-26. The Court fails to see how LawyersAgainstLawsuitAbuse.com bears on this motion and in the light of analysis set forth here, it appears that Defendant's counsel's alleged threat to bring a sanctions motion of his own may well have been justified.

comportment and candor. Since the claims in this case have been resolved, the Court will not investigate such matters further, but Plaintiff's May 4, 2020 motion for sanctions, Doc. No. 34, will be denied.

**B.      Defendant's May 24, 2020 Motion for Sanctions Under Rule 11 (Doc. No. 42)**

On May 24, 2020, Defendant filed a motion for sanctions on the grounds that Plaintiff made "a number of provably false representations of material fact" in the First Amended Complaint ("FAC"), without conducting the prefiling inquiry required under Rule 11(b) of the Federal Rules of Civil Procedure. Doc. No. 42-1 at 8:2-8. Specifically, Defendant contends that Plaintiff's allegations are "based almost exclusively" on "*some* website" without "actual firsthand knowledge of conditions" at the hotel at issue in this case. Id. at 18:1-3 (emphasis original). Similarly, Defendant contends that the FAC improperly refers to "Defendant's website," even though Defendant "does not own, lease or control any website" and that Plaintiff's allegation that she had "actual knowledge" as to conditions at the subject property are sanctionable because "all information Plaintiffs [] obtained was from one or more websites not owned or controlled by Defendant." Id. at 16:11-14. Defendant also asserts that Plaintiff knew based Defendant's February 18, 2020 motion to dismiss filings that her allegation that Defendant "continues to offer a 'One Bedroom Suite' " was false, id. at 19:20-24, and that Plaintiff misled the Court as to the characteristics of rooms at Defendant's hotel. Id. at 24:9-14. Finally, Defendant contends that Plaintiff's pleadings misrepresented Defendant's ownership structure; that Plaintiff filed a notice of settlement without first consulting defense counsel; and that Plaintiff falsely represented to the Court that Defendant reneged on a settlement agreement. Id. at 26-29.

Plaintiff argues that Defendant's May 24, 2020 sanctions motion is an improper attempt to "litigate the entirety of the case" and prevent Plaintiff from engaging in the discovery process. Doc. No. 49 at 2:12-14. Further, Plaintiff contends that Defendant is attempting to "bully Plaintiff" and that Defendant's "self-serving affidavits" as to the allegations in question ignore supporting evidence attached to the FAC. Id. at 6:16-7:2. Finally, Plaintiff argues that Defendant and / or Defendant's counsel should be sanctioned *sua sponte* for using a sanctions motion to "intimidate Plaintiff" and test the legal sufficiency of the FAC. Id. at 7:3-14.

1    Scanning the docket, it appears that Plaintiff is responsible for at least half of the gratuitous

2    filings in this needlessly contentious case, so Plaintiff's complaints about bullying and such fall

3    flat. Plaintiff's request for *sua sponte* sanctions is also a non-starter. Plaintiff's counsel could have

4    undertaken the task of showing, through a properly noticed motion, that sanctions against

5    Defendant were warranted but chose not to do so. The Court long ago lost interest in the parties'

6    internecine squabbles and will not undertake work that Plaintiff's counsel deemed unworthy of his

7    time.

8    The Court agrees with Plaintiff, however, that websites through which rooms at

9    Defendant's hotel can be booked provide a "factual foundation" for allegations in the FAC, see

10   Mercury Serv. v. Allied Bank, 117 F.R.D. 147, 156 (C.D. Cal. 1987), and that consequently, the

11   FAC is not "baseless." See Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994) ("[T]he central

12   purpose of Rule 11 is to deter baseless filings in district court."). Similarly, Plaintiff was obviously

13   not required to defer to factual assertions regarding Defendant's hotel made in connection with

14   Defendant's motion to dismiss, and in the Court's view, it is not reasonable to require Plaintiff to

15   ascertain Defendant's ownership structure—or to determine the ownership of websites featuring

16   Defendant's hotel—without discovery. See Conn v. Borjorquez, 967 F.2d 1418, 1421 (9th Cir.

17   1992) ("The standard of objective reasonableness governs the imposition of sanctions under Rule

18   11."). Further, Defendant suffered no prejudice in connection with the notice of settlement (which

19   it took Defendant three weeks to respond to, Doc. No. 18) because the Court found in short order

20   that no settlement had been reached. Doc. No. 26 at 9:5-14.

21   Thus, the Court finds that neither the FAC nor the notice of settlement justify the

22   "extraordinary remedy" of Rule 11 sanctions and Defendant's May 24, 2020 motion for sanctions,

23   Doc. No. 42, will be denied. See Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336,

24   1345 (9th Cir. 1988) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme

25   caution.").

26   **C.     Plaintiff's April 12, 2021 Motion for Sanctions Under 28 U.S.C. § 1927 (Doc. No. 92)**

27   On July 26, 2020, Defendant filed a motion seeking sanctions under Rule 11 on the ground

28   that Plaintiff falsely represented to the Court, in a motion seeking leave to file the Second

5

1    Amended Complaint ("SAC"), that Defendant had "refused" to stipulate to the SAC and thus

2    made the motion to amend "necessary." Doc. No. 74. Plaintiff argued that the motion was a "tool

3    for harassment," Doc. No. 77 at 2:10-15, and that the Court should "*sua sponte* examine the

4    benefit of sanctioning Defendant's counsel." Id. at 3:6-10. On March 31, 2021, the Court denied

5    Defendant's sanctions motion, finding, in essence, that Plaintiff's representation that Defendant

6    had "refused" to stipulate to the SAC was immaterial. Id. at 4:8-12. In addition, the Court declined

7    to impose sanctions *sua sponte* but granted Plaintiff leave to bring a sanctions motion based on

8    Defendant's sanctions motion. Id. at 4:13-17. On April 12, 2021, Plaintiff filed a sanctions motion

9    under 28 U.S.C. § 1927. Doc. No. 92. That motion is addressed here.[3]

10       **1.      Parties' Arguments**

11       Plaintiff argues that sanctions should be imposed under § 1927 because Defendant's July

12   26, 2020 sanctions motion was "filed recklessly" and "intended to continue [Defendant's

13   counsel's] harassment of Plaintiff's counsel," which supposedly included playing "word games";

14   misrepresenting past disciplinary action against Plaintiff's counsel in California and Arizona;

15   filing a complaint against Defendant's counsel with the California bar; and "refusing to stipulate"

16   to the filing of the SAC. Doc. No. 92 at 9:12-23. According to Plaintiff, Defendant's sanctions

17   motion was "reckless" because "a reasonable attorney with nearly 30 years of experience" could

18   "absolutely not" believe that it was "reasonable" to seek sanctions "for allegedly misrepresenting

19   whether a party's counsel refused to stipulate to a motion to amend." Id. at 10:6-14. Similarly,

20   Plaintiff argues that "Rule 11's purpose is to deter dilatory or abusive pretrial tactics by seeking to

21   exclude baseless filings" and that Rule 11 sanctions "are not meant as a means of chilling

22   advocacy or as a bludgeon for minor, inconsequential violations." Id. at 9:24-10:14.

23       Defendant argues that assertions as to positions taken by opposing counsel are material in

24   courts (including, for example, the United States District Court for the Central District of

25

26   _____

27   [3] The order denying Defendant's July 26, 2020 sanctions motion and granting Plaintiff's leave to bring a reciprocal sanctions motion is captioned, "Order On Defendant's Second Motion for Rule 11 Sanctions and Order to Show Cause" and states that Defendant's counsel "will be ordered to show cause why sanctions should not be imposed against him." Doc. No. 91 at 1:18-20. Since the matter has been fully briefed on a noticed motion, the order to show cause is VACATED.

28

California) where local rules require parties to meet and confer prior to filing certain motions and that it is reasonable to believe that such assertions would also be material in the Eastern District of California, where the need for cooperation among licensed attorneys has been compounded by a chronic shortage of judges. Doc. No. 93 at 9:6-15. Further, Defendant argues that there is "little question that the representation itself … was false," id. at 93:3-7, and that imposing sanctions for calling out a provably false statement in a court filing would be improper "from a public policy standpoint." Id. at 10:10-13.

2.    **Discussion**

The Court has thoroughly reviewed all correspondence furnished by the parties with respect to the SAC. In a nutshell, Plaintiff's counsel sent Defendant's counsel an email on June 16, 2020 stating that Plaintiff's counsel "had [] drafted a Motion to Amend the FAC" to add claims that Defendant's "lobby loading zone d[id] not comply with Section 503 of the 2010 Standards of Accessible Design" and stating that he would "just file the Motion" if Defendant did not stipulate to amendment by "close of business" the following day. Doc. No. 94-1 at 3.

Defendant's counsel responded the next day, Wednesday, June 17, 2020, stating that he and his clients would like "to see the exact, final signed SAC" because "a few words or sentences—or lack thereof—can make a world of difference." Doc. No. 94-1 at 3. Defendant's counsel further stated that he would respond to Plaintiff's request for a stipulation by Monday, June 22, 2020, if not sooner, if Plaintiff's counsel provided a draft of the SAC by Thursday, June 18, 2020. Id. On June 18, 2020, Defendant's counsel sent an email to Plaintiff's counsel stating that he "still ha[d] not received the proposed SAC" but that he was willing to meet and confer over the weekend—with the goal of reaching a decision regarding the amendment stipulation by noon Monday at the latest—if Plaintiff's counsel provided "the proposed SAC by email." Id. at 2.

Plaintiff's counsel filed the motion to amend the same day—June 18, 2020—without first providing a copy of the proposed SAC to defendant's counsel. Doc. No. 54. The notice of motion states, in pertinent part, as follows:

> Plaintiff contacted Defendant, through Defendant's counsel, for consent and stipulation to file an amended Complaint. Defendant's counsel, on behalf of his client, refused to so consent. Accordingly, this Motion is necessary.

Doc. No. 2:5-7. These statements appear to be false in two respects. First, according to the records before the Court, Defendant's counsel never "refused" to do anything. To the contrary, Defendant's counsel requested a copy of the proposed SAC for review and discussion with his client, while further stating that he would work over the weekend to provide a timely response as to the requested stipulation. To the extent anyone "refused" to do anything, it was Plaintiff's counsel who "refused" to accommodate Defendant's counsel's routine request for a copy of the proposed SAC and who "refused" to allow more than two days to meet and confer over a matter of some consequence. Second—and similarly—filing the motion to amend on June 18, 2020 was only "necessary" because Plaintiff's counsel apparently did not want to give Defendant's counsel an opportunity to review the proposed SAC. Defendant's counsel may have ultimately declined to stipulate to the FAC, but as far as the Court can tell, he had not done anything prior to June 18, 2020 to necessitate the motion to amend or to foreclose the possibility of resolving the amendment issue without motion practice.

The Ninth Circuit has held that, at a minimum, an award of sanctions under § 1927 requires a finding of recklessness or bad faith. Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998) (citing In re Keegan Management Co., 78 F.3d 431, 436 (9th Cir. 1996) and Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991)). Defendant's July 26, 2020 sanctions motion addressed two empirically false statements by Plaintiff's counsel about events fully and directly known to Plaintiff's counsel. The Court did not take Defendant's counsel's supposed refusal to stipulate to amendment into consideration in deciding Plaintiff's motion to amend, but as Defendant notes, some courts do require counsel to meet and confer before bringing certain motions and more important, the Court issued an order on April 21, 2020 expressly directing counsel to proceed in an "efficient manner" and to refrain from "unnecessary sniping" at one another. Doc No. 30 at 2:21-28. It was therefore not "reckless" or "bad faith" for Defendant to call the falsehoods in question (which bear on the efficient litigation of this case and reveal "sniping" on the part of Plaintiff's counsel) to the Court's attention through a sanctions motion, particularly given the general interest all courts have in candor on the part of counsel. Plaintiff has failed to satisfy § 1927 and Plaintiff's April 12, 2021 motion for sanctions, Doc. No. 92, will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's May 4, 2020 motion for sanctions under 28 U.S.C. § 1927 (Doc. No. 34) is DENIED WITH PREJUDICE;

2.  Defendant's May 24, 2020 motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure (Doc. No. 42) is DENIED WITH PREJUDICE;

3.  Plaintiff's April 12, 2021 motion for sanctions under 28 U.S.C. § 1927 (Doc. No. 92) is DENIED WITH PREJUDICE;

4.  The March 31, 2021 order to show cause (Doc. No. 91) is VACATED; and

5.  The Clerk is respectfully DIRECTED to CLOSE this case.

IT IS SO ORDERED.

Dated:   January 12, 2023   _____

SENIOR  DISTRICT  JUDGE